# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SHELBY McRAE,** *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Action No. RWT-16-2332 |
| | * |
| **WESTCOR LAND TITLE INSURANCE,** *et al.*, | * |
| | * |
| | * |
| Defendants. | * |

## **MEMORANDUM OPINION**

On June 23, 2016, Plaintiffs Shelby and Randy McRae ("Plaintiffs") filed a Complaint alleging breach of contract and negligence against Defendant Westcor Land Title Insurance ("Westcor" or "Defendant"). ECF No. 1. On July 15, 2016, Plaintiffs filed an Amended Complaint [ECF No. 5] adding Premium Title Services, Inc. as a Defendant, and on August 1, 2016, they filed a Second Amended Complaint [ECF No. 7]. On September 6, 2016, Defendant Westcor filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiffs' Complaint failed to state a claim and was time-barred. ECF No. 10.[1] On September 20, 2016, this Court denied Plaintiffs' Motion for Clerk's Entry of Default [ECF No. 9] as to Defendant Premium Title Services, and granted Premium Title Services' Motion to Quash Service of Process [ECF No. 12], as Plaintiffs failed to effect proper service on the Defendant. ECF No. 13. To date, Defendant Premium Title Services has not been properly served with process. On January 30, 2017, Defendant Westcor filed a request for a hearing on its Motion to Dismiss. ECF No. 16. The Court finds that no

---

[1] Plaintiffs' response in opposition to this motion [ECF No. 14] and Defendant's reply to Plaintiffs' response [ECF No. 15] were both filed after the deadlines set forth in Local Rule 105(2)(a), and neither party requested an extension of the filing deadlines from the Court.

hearing is necessary. Local Rule 105.6. For the reasons discussed below, Defendant Westcor's Motion to Dismiss [ECF No. 10] will be granted.

## BACKGROUND

Plaintiffs allege that on May 14, 2012, Mr. Cyrus A. Ariaban purchased the property at 8012 Wingate Drive, Glenn Dale, MD 20769 ("the Property"), through his company, 8012 Wingate Drive, LLC ("8012 Wingate"). ECF No. 7 ¶ 8-9. On May 18, 2012, Ariaban and McRae entered an agreement under which McRae would lease, and then purchase, the Property. *Id.* ¶ 11. On May 31, 2012, Ariaban purchased the Property for $300,000 cash, and 8012 Wingate was to acquire title through a closing conducted by Premium Title Services. *Id.* ¶ 13-14. Plaintiffs allege that Ariaban purchased title insurance from Premium Title Services with funds provided by McRae. *Id.* ¶ 15. Defendant Westcor Land Title Insurance Company and Premium Title Services then issued a title insurance policy in the name of 8012 Wingate on May 29, 2012. *Id.* ¶ 16. Before issuing the title and policy, Plaintiffs allege Westcor and Premium Title were obligated to conduct a reasonable search of the Property and to advise Ariaban of any encumbrances on the Property. *Id.* On June 13, 2012, the Property was mistakenly conveyed to a Mr. Chen. *Id.* ¶ 17. Plaintiff alleges that "[a]s a result of the wrongful recordation of the title in this matter in the name of Chen and the failure to have the matter corrected prior to June 2013, Ariaban, as well as Westcor Land Title are liable to McRae for damages." *Id.* ¶ 19.

In their Second Amended Complaint, Plaintiffs first bring a breach of contract claim against Westcor, alleging that Westcor "breached its obligations under the Policy by refusing in Jan. 2014, to establish title to the Property in the name of 8012 [Wingate] as insured." ECF No. 7 ¶ 21. They claim that Westcor breached the insurance contract by failing to pay

Ariaban $300,000 for his insurance claim. *Id.* ¶ 22. Plaintiffs allege that McRae was a third-party beneficiary to the contract between Westcor and Ariaban and is therefore allowed to bring a breach of contract claim under the title insurance contract between Westcor and Ariaban. *Id.* ¶ 23-25.

Plaintiffs' second claim is for negligence, alleging that Westcor had a duty to conduct a search of the Property and advise Ariaban of any defects in title or encumbrances on the property, that Ariaban "and McRaes vicariously" relied upon Westcor to perform these services, and that Westcor breached this duty by failing to give notice of any defects in title, failing to advise Ariaban of all encumbrances on the property, and failing to ensure that the title was properly conveyed to 8012 Wingate. *Id.* ¶ 28-30.

## ANALYSIS

### I. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court has further articulated the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. To survive a motion to dismiss, a complaint must put forth "plausible claim[s] for relief." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### II.     Plaintiffs Failed to State a Claim for Breach of Contract.

To state a claim for breach of contract, a complaint "must of necessity allege with certainty and definiteness facts showing a contractual obligation by the defendant to the plaintiff and a breach of that obligation by defendant." *RRC Northeast, LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 440 (Md. 2010).  Plaintiffs do not allege that they were parties to the insurance contract with Westcor or that they ever contracted with Westcor.  Indeed, the insurance policy that Plaintiffs attached to their Second Amended Complaint lists 8012 Wingate Drive, LLC as the name of insured.  ECF No. 7 Ex. E.

Plaintiffs instead rely on a third-party beneficiary theory to support their breach of contract claim.  Maryland law is "quite restrictive on the issue of whether one may be considered a third-party beneficiary." *CX Reinsurance Co. Ltd. v. Levitas*, Civ. No. JKB-15-2174, 2016 WL 4888881, at *1 (D. Md. Sept. 15, 2016), *appeal docketed*, No. 16-2228 (4th Cir. Oct. 25, 2016). An individual is considered a third-party beneficiary to a contract "if the contract was intended for his or her benefit and it clearly appears that the parties intended to recognize him or her as the primary party in interest and as privy to the promise." *CR-RSC Tower I, LLC v. RSC Tower I, LLC*, 56 A.3d 170, 212 (Md. 2012) (quoting *120 W. Fayette St., LLP v. Mayor of Balt.*, 43 A.3d 355, 368 (Md. 2012).  Any incidental beneficiary acquires "no right against the promisor or the promisee." *Id.*  Here, there is no indication that Westcor and Mr. Ariaban intended Plaintiffs to be third-party beneficiaries of the title insurance contract—indeed, there is no indication that Westcor was even aware of Plaintiffs and their alleged arrangement to buy the Property from Mr. Ariaban.

Plaintiffs also argue that the language of the Title Policy supports their position that they were intended beneficiaries of the contract even though not specifically named, because the

document states that the "term Insured also includes (A) successors to the Title of the Insured by operation of law. . ." ECF No. 14 at 9. One need look no further than the rest of the very same sentence to see that this argument is disingenuous at best. Indeed, the cited section explains that the "term 'Insured' also includes (A) successors to the Title of the Insured by operation of law *as distinguished from purchase*, including heirs, devisees, survivors, personal representatives, or next of kin." ECF No. 14 Ex. 1 at 3 (emphasis added). That the insurance policy explicitly excludes purchasers from the definition of "insured" renders Plaintiffs' argument meritless.

### III. Plaintiffs Failed to State a Claim for Negligence.

Defendant argues that Plaintiffs' negligence claim should be dismissed because it is time-barred and because Plaintiffs failed to allege any duty owed to them by Westcor. ECF No. 10 at 5. A civil action, like the negligence action at issue here, must be filed within three years from the date it accrues unless another provision of Maryland law provides otherwise. Md. Code, Cts. & Jud. Proc. § 5-101. Under Maryland's "discovery rule," which the Court of Appeals has held "applicable generally in all actions," the "cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 431 A.2d 677, 680 (Md. 1981). In their Amended Complaint, Plaintiffs simply state that on June 13, 2012, the Property was "mistakenly recorded and conveyed to Mr. Chen." ECF No. 7 ¶ 17. The Complaint does not specify the date on which Plaintiffs learned of this mistake. In their Response in Opposition to Westcor's Motion to Dismiss [ECF No. 14], Plaintiffs ignore Defendant's statute of limitations argument and fail to address the issue whatsoever. In failing to respond, they have conceded the point. *See Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (by failing to respond to defendant's argument that her discriminatory discharge claim should be dismissed for failure to challenge the

5

discharge in her charge of discrimination, plaintiff abandoned her claim); *Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument, Plaintiff concedes the point."); *Kissi v. Panzer*, 664 F. Supp. 2d 120, 123 (D.D.C. 2009) ("Because the plaintiff's opposition fails to address the defendants' arguments, the Court may treat the defendants' motion as conceded.").

Even if Plaintiffs had responded to Defendant's statute of limitations argument, their negligence claim would still fail. Plaintiffs have made only conclusory assertions that Westcor owed Plaintiffs a duty and that Premium Title Services was an agent of Westcor, without alleging facts that would support these conclusions. ECF No. 7 ¶ 28, 32. In their response in opposition, Plaintiffs simply recite the elements of negligence and gross negligence[2] and make the conclusory statement that "it is beyond reasonable argument that Plaintiffs have pled with specificity the facts and elements necessary to state a cause of action for negligence." ECF No. 14 at 11. To the contrary, Plaintiffs have utterly failed to state a cause of action for negligence because they have failed to adequately allege that Westcor owed them any duty or that Premium Title Services acted as an agent of Westcor.

### IV.   Service of Process on Premium Title Services, Inc.

On July 31, 2016, Plaintiffs filed a "Praecipe – Proof of Service" of their First Amended Complaint [ECF No. 6]. This Court denied Plaintiffs' Motion for Clerk's Entry of Default [ECF No. 9] against Defendant Premium Title Services, Inc., on the ground that Plaintiffs utterly failed to effect proper service on the Defendant. ECF No. 13. No proof of service was ever filed for Plaintiffs' Second Amended Complaint [ECF No. 7], filed on August 1, 2016, as to either Defendant. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs had a ninety (90) day time period from the filing of their Second Amended Complaint within which to serve

---

[2] Plaintiffs' recitation of this standard is puzzling, as they did not bring a claim for gross negligence.

Defendants, a time period that has long since passed.  Therefore, pursuant to Local Rule 103.8(a), Plaintiffs must show good cause in writing, within fourteen (14) days from the date of the accompanying Order, why their claims against Premium Title Services, Inc. should not be dismissed.

## V.     Conclusion

For the reasons discussed above, Defendant Westcor's Motion to Dismiss [ECF No. 10] will be granted.  Plaintiffs are directed to show cause in writing within fourteen days from the date of the accompanying Order why their claims against Premium Title Services, Inc. should not be dismissed.  A separate Order follows.


Date:  March 17, 2017                                          /s/
                                                         ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE